CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
January 17, 2025
LAURA A. AUSTIN, CLERK
BY: s/A. Beeson
    DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

**MARCUS BURDETT,**
    Plaintiff,

**v.**

**HAYSI, VA CORRECTIONAL FACILITY, et al.,**
    Defendant(s).

Civil Action No. 7:24cv00509

**MEMORANDUM OPINION**

By: Robert S. Ballou
United States District Judge

    Plaintiff, proceeding pro se, filed a civil rights complaint, pursuant to 42 U.S.C. § 1983. Plaintiff did not prepay the filing costs or submit the information required to proceed in forma pauperis under 28 U.S.C. § 1915(b) in this court to pay the filing fee through installments from plaintiff's trust account. By orders entered August 7, 2024, and October 16, 2024, the court directed plaintiff to submit within 30 days from the date of the order a statement of assets and a prisoner trust account report (or institutional equivalent) for the six-month period immediately preceding the filing of the complaint. The prisoner trust account report must be filled out, signed, and dated by the appropriate prison official of each prison at which plaintiff is or was confined during that six-month period. On November 4, 2024, plaintiff returned a signed form from the trust officer, however, the trust officer stated on the prisoner trust account report the plaintiff was incarcerated at the Southwest Virginia Regional Jail-Duffield Facility from May 9, 2024 to October 9, 2024. The months of February, March, April, May, June, and July were missing. On November 7, 2024, the plaintiff returned a signed statement of assets form. By order entered on November 20, 2024, the court directed plaintiff to submit within 30 days from the date of the order a statement of assets and a prisoner trust account report (or institutional equivalent) for the six-month period immediately preceding the filing of the complaint. The prisoner trust account

report must be filled out, signed, and dated by the appropriate prison official of each prison at which plaintiff is or was confined during that six-month period. Plaintiff was advised that a failure to comply would result in dismissal of this action without prejudice.

More than 30 days have elapsed, and plaintiff has failed to comply with the described conditions and has not qualified to proceed in forma pauperis under § 1915(b). Accordingly, the court dismisses the action without prejudice and strikes the case from the active docket of the court. Plaintiff may refile the claims in a separate action once plaintiff is prepared to comply with the noted conditions.

The Clerk is directed to send a copy of this Memorandum Opinion and accompanying Order to plaintiff.

Enter: January 16, 2025

/s/ Robert S. Ballou

Robert S. Ballou
United States District Judge